PHILIPPINE AIRLINES, INC., Plaintiff,

v.

NATIONAL MEDIATION BOARD and David H. Stowe, in his capacity as Chairman of the National Mediation Board, et al., Defendants.

No. C 76 902 WTS.

United States District Court,
N. D. California,

Feb. 22, 1977.

U.S.C. §§ 1331, 1337, 1361, 2201–02 and 5 U.S.C. § 702 and § 706, by plaintiff, Philippine Airlines (hereinafter "PAL"), an air carrier, against the National Mediation Board (hereinafter "NMB"), an administrative agency established pursuant to the Railway Labor Act, and six of its officers, alleging that the NMB has unlawfully certified the International Association of Machinists and Aerospace Workers (hereinafter "IAM") as bargaining representative of a craft or class of PAL's clerical, office, fleet, and passenger service personnel.

## PENDING MOTIONS

■ The case is now before the court on defendant's motion to dismiss,[1] or in the alternative, for summary judgment. (Docket No. 7).

## THE RECORD

The record before the court on the pending motion consists of PAL's verified complaint and the NMB's answer, along with the following evidentiary matters:

The NMB's affidavit of Rowland K. Quinn, Jr., Executive Director of the NMB, filed November 12, 1976, and attached exhibits; and PAL's affidavit of Charles Russel, Administrative Director—Americas, filed on November 30, 1976.

## THE PLEADINGS

The complaint alleges in substance that the NMB, in certifying the IAM as representative of certain of PAL's employees after a secret ballot election, violated the NMB's *Mediator Manual—Representation Procedures* § 305.9, and that in permitting a certain PAL employee, Ms. Joyce Chapin, to participate in the election, violated various provisions of the Railway Labor Act.

Smith, Shara & Arnold, Quentin H. Smith, San Jose, Cal., Fisher & Phillips, John Bacheller, Jr., Michael H. Campbell, Claude T. Sullivan, Jr., Atlanta, Ga., for plaintiff.

James L. Browning Jr., U. S. Atty., Geo. Christopher Stoll, Asst. U. S. Atty., Civ. Div., San Francisco, Cal., for defendant.

John F. Henning, Jr., John Paul Jennings, John Victor Tilly, Jennings, Gartland & Tilly, San Francisco, Cal., for defendant-intervenor International Association of Machinists & Aerospace Workers, AFL–CIO.

## MEMORANDUM AND ORDER

SWEIGERT, District Judge.

This is an action for declaratory relief, injunction, and mandamus under the Railway Labor Act [45 U.S.C. § 151 et seq.; § 181 et seq.], invoking jurisdiction under 28

---

1. Defendant's motion to dismiss was filed after the defendant's answer to the complaint. F.R. Civ.P. 12(b) motions must be made before the filing of an answer. 5 Wright and Miller, *Federal Practice and Procedure: Civil* § 1361 (1969). But since the motion to dismiss is based upon alleged lack of subject matter jurisdiction, it may properly be considered. F.R. Civ.P. 12(h)(3).

CONTENTIONS OF THE PARTIES

In support of its motion to dismiss, defendant NMB contends that this court has no subject matter jurisdiction over this action. Defendant cites and mainly relies on *Railway Clerks v. Non-Contract Employees*, 380 U.S. 650, 85 S.Ct. 1192, 14 L.Ed.2d 133 (1965); *Switchmen's Union v. National Mediation Board*, 320 U.S. 297, 64 S.Ct. 95, 88 L.Ed. 61 (1943); and *Virginian Ry. Co. v. System Federation No. 40*, 300 U.S. 515, 57 S.Ct. 592, 81 L.Ed. 789 (1937) for the proposition that this court has no subject matter jurisdiction. In opposition, plaintiff PAL cites *Int'l In-Flight Catering Co. v. National Mediation Board*, 92 LRRM 3553 (D. Hawaii, July 8, 1976) (No. 75-0359), *appeal pending*, 555 F.2d 712 (9th Cir. No. 76-2652).

COURT'S CONCLUSIONS AS TO APPLICABLE LAW

In *Switchmen's Union, supra*, a union sought to have cancelled the NMB certification of another union as representative of employees of a railroad company. The Court declined to reach the merits of the controversy, finding that the district court "did not have the power to review the action of the National Mediation Board in issuing the certificate." *Id.* at 300, 64 S.Ct. at 96. There was, in the words of the Court, "to be no dragging out of the controversy into other tribunals of law." *Id.* at 305, 64 S.Ct. at 99.

In *Railway Clerks, supra*, a case involving a district court enjoinder of the NMB from conducting an election with a ballot that did not permit a vote against collective bargaining representation, the Court again held the issue not subject to judicial review. The Court cited *Switchmen's Union, supra*, with approval. *Railway Clerks, supra*, 380 U.S. at 658-59, 85 S.Ct. at 1196-1197. The Court noted that the rules governing elections are left to the broad discretion of the NMB with the details of selecting representatives being left to be finally determined by the NMB. *Id.* at 668-69, 85 S.Ct. at 1202. The Court also noted that *Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), may permit judicial review of NMB decisions when "made in excess of its delegated powers and contrary to a *specific prohibition in the Act*." *Railway Clerks, supra*, 380 U.S. at 659-60, 85 S.Ct. at 1197 (emphasis original).

The scope and extent of such judicial review of NMB decisions under the holdings of *Switchmen's Union, supra, Railway Clerks, supra*, and *Leedom v. Kyne, supra*, was carefully discussed in *Teamsters v. Railway, Airline and Steamship Clerks*, 131 U.S.App.D.C. 55, 402 F.2d 196, *cert. denied*, 393 U.S. 848, 89 S.Ct. 135, 21 L.Ed.2d 119 (1968), holding that courts have jurisdiction to review NMB representative dispute determinations only in

"cases where the error on the merits is as obvious on the face of the papers as the violation of specific statutory language, without extension to 'arguing in terms of policy and broad generalities as to what the Railway Labor Act should provide.'"

*Id.* at 205. "[T]he Board's action must be 'so plainly beyond the bounds of the Act, or . . . so clearly in defiance of it, as to warrant the immediate intervention of an equity court.'" *Id.*

PAL's reliance on *Int'l In-Flight Catering Co., supra*, is misplaced. In that case the NMB certified a union as representative on the basis of requests by employees to have a representation election, with no actual election ever being held. The district court relied upon *Railway Clerks, supra*, as permitting the court to exercise jurisdiction over the dispute. The district court did not cite or discuss *Switchmen's Union, supra*, the case most factually and legally in point. This omission makes the district court's holding in regard to subject matter jurisdiction questionable. In any event, it is arguable that such jurisdiction could have been proper under the test stated in *Teamsters v. Railway, Airline, and Steamship Clerks, supra*, quoted above.

The record herein does not show error on the merits as obvious on the face of the pleadings as the violation of specific statutory language or NMB action so plainly beyond the bounds of the Railway Labor Act, or so clearly in defiance of it, as to warrant the immediate intervention of an equity court. Indeed, 45 U.S.C. § 152, Ninth, expressly provides that the NMB has the duty to investigate disputes when requested and to certify representatives, with authority to take secret ballots or use other appropriate methods to ascertain representatives. Furthermore, and more importantly, § 152, Ninth, provides:

"In the conduct of any election for the purposes herein indicated the Board shall designate who may participate in the election and establish the rules to govern the election . . . ."

Thus, the complaint herein, alleging that the NMB improperly permitted Ms. Chapin to vote in the representation election, addresses conduct clearly within the discretion of the NMB. This discretion in determining the eligibility of persons to vote is expressly authorized by § 152, Ninth, and is not subject to judicial review. *WES Chapter v. National Mediation Board,* 114 U.S.App.D.C. 229, 314 F.2d 234 (1962); *Decker v. Venezolana,* 103 U.S.App.D.C. 301, 258 F.2d 153 (1958).

The complaint herein further alleges that the NMB violated § 305.9 of its own *Mediator Manual—Representation Procedures,* in that the NMB did not follow the definition of "majority" contained therein (50% plus one). Even a cursory examination of that section clearly reveals that the definition of "majority" contained in § 305.9 relates to the percentages of authorizations of employees necessary to determine whether the NMB should authorize *investigation* of a representative dispute, not how majority is defined within the meaning of 45 U.S.C. § 152, Fourth (providing that the majority of any craft or class shall have the right to determine who shall represent the craft or class). Long ago, in *Virginian Ry. Co. v. System Federa-*

*tion No. 40, supra,* the Court defined majority, within the meaning of § 152, Fourth, as being a majority of those participating in the election, not a majority of eligible voters. But subsequent practices of the NMB have required that majority be interpreted as a majority of eligible voters, since now the NMB considers that an eligible voter who does not vote is to be considered to have voted for no representation. *Railway Clerks, supra,* 380 U.S. at 668–71, 85 S.Ct. 1192. It is undisputed upon the record in the present case that 65 employees out of 129 eligible employees voted for representation by the IAM, and that three other ballots were voided. The IAM received a majority of votes of the eligible voters, a majority within the meaning of § 152, Fourth. That is all that is required.

For the foregoing reasons, the defendant's motion to dismiss is granted since this court has no subject matter jurisdiction over this action.